UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAH-SHAN S. CHERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-139-DRL-MGG |
| INDIANA DEPT OF CORRECTIONS *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Rah-Shan S. Cherry, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cherry lists several complaints about the conditions of confinement in Miami Correctional Facility, starting in November 2021 when he was transferred to segregation in A-Dorm. In particular, he states that the window to his cell is broken, allowing cold air to come in. The heat is inadequate, so he is forced to live in a harshly cold environment. In addition, he complains that no one answers his emergency button, he isn't given supplies to clean his cell, and he isn't given proper hygiene items. Mr. Cherry further

alleges that he is given a smaller portion of food than inmates in general population but is not allowed to supplement his food with commissary purchases. Moreover, prison staff will throw his meals on the floor if he does not get up quickly enough to collect his meals, and then the contaminated meals are not replaced. He complains that he does not receive outdoor recreation and does not get psychological or medical treatment when requested. He further complains that the day room is not cleaned, and the shower area is covered with flooded toilet water that includes feces and urine. Mr. Cherry sues the Indiana Department of Correction, the IDOC Commissioner, and the Assistant IDOC Commissioner, seeking to hold them responsible for the conditions he is living in.

Mr. Cherry's complaint cannot proceed as written because it is not clear that these conditions rise to the level of an Eighth Amendment violation and he sues the wrong defendants. The Indiana Department of Correction is an arm of the state, *see* Ind. Code § 11-8-2-1, so it is not a "person" who can be sued under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Williams v. Wisconsin*, 336 F.3d 576, 580-81 (7th Cir. 2003). As to the IDOC Commissioner and Assistant Commissioner, the complaint does not establish that either of them had the personal involvement in Mr. Cherry's situation necessary to hold them liable for damages. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (defendant must have "personal involvement in the alleged constitutional deprivation to support a viable claim"). Although the Commissioner and the Assistant Commissioner oversee the entire IDOC system, their supervisory positions alone do not make them responsible for every alleged constitutional violation that occurs in an individual prison. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020) (no supervisory

2

liability under 42 U.S.C. § 1983). Mr. Cherry alleges that he wrote them letters about the conditions he faced, but writing them letters does not establish either had personal involvement in the alleged violations. As the court of appeals has explained in the context of an inmate seeking medical care:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. These defendants cannot be held responsible for the alleged deficiencies in Mr. Cherry's care at Miami.

Turning to the substance of his claims, Mr. Cherry has not shown that these conditions rose to the level of an Eighth Amendment violation because he does not connect them to any harm to him. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*,

3

452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, a cold cell could deny Mr. Cherry adequate shelter, but he does not detail what steps prison officials took to keep Mr. Cherry warm after he complained. S*ee Dixon v. Godinez*, 114 F.3d 640, 642-43 (7th Cir. 1997) (looking to whether alternative means of warmth were adequate to combat cold, the severity of the cold, and the duration of the condition in assessing Eighth Amendment claim). He also complains about the cleanliness of the unit, but he does not provide any additional details about how his cell and the day room are dirty, what specific cleaning supplies he requested but was denied, or how frequently the showers are flooded with toilet water. Nor has he explained how the lack of hygiene items or other services personally affected him. Similarly, although he complains about the portion size of his meals, there is no indication that the smaller-sized meals are not nutritionally adequate anyway. These allegations are insufficient to state a claim without additional details. *See generally Atkins v. City of Chicago*, 631 F.3d 823,

4

832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Bissessur*, 581 F.3d at 602 (claim must have "facial plausibility" to survive dismissal); *see also Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him").

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Cherry may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He is cautioned that he should include only related claims in the amended complaint. He may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims in a single lawsuit must be related, either because the same person is involved in each claim or because the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

5

For these reasons, the court:

(1) GRANTS Rah-Shan S. Cherry until **June 13, 2022**, to file an amended complaint; and

(2) CAUTIONS Rah-Shan S. Cherry if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 10, 2022                                                *s/ Damon R. Leichty*
                                                                                Judge, United States District Court