UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAH-SHAN S. CHERRY,

    Plaintiff,

v.                                     CAUSE NO. 3:22-CV-139-DRL-MGG

INDIANA DEP'T OF CORRECTIONS *et al.*,

    Defendants.

## OPINION AND ORDER

Rah-Shan S. Cherry, a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Cherry's amended complaint focuses on two issues concerning the period he was placed in Cell 241 in A Cell House at Miami Correctional Facility. First, he alleges that the window to the outside had a hole in it, allowing snow, rain, and ice to enter his cell. Mr. Cherry says he covered the window to block the hole, but Sergeant Lott told him to remove the covering. He contends he asked both Sergeant Lott and Sergeant Griffin to

be moved to a new cell, but neither of them put in a work order for his window to be fixed or moved him to a new cell. Mr. Cherry reports that some days he was so cold, he had to remain in bed to conserve heat, and his fingers and toes were numb. Second, he alleges that his cell had black mold on the door and elsewhere, but Sergeant Lott and Sergeant Griffin both refused to provide him cleaning supplies. Sergeant Lott allegedly began refusing to turn in Mr. Cherry's request slips, refused to get a night supervisor to assist him with his issues, and would deactivate his cell's emergency response button when he worked. Mr. Cherry alleges that he wrote then-Assistant Warden George Payne about these ongoing issues, but they were never resolved.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally

reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Here, Mr. Cherry has plausibly alleged that the sanitation and temperature of his cell were constitutionally inadequate and that Sergeant Lott, Sergeant Griffin, and Assistant Warden Payne were all aware of the problems, ongoing as they were, but did not remedy them. He may proceed on an Eighth Amendment claim against them.

For these reasons, the court:

(1) GRANTS Rah-Shan S. Cherry leave to proceed against Sergeant Lott, Sergeant Griffin, and Assistant Warden George Payne in their individual capacities for compensatory and punitive damages for housing him in a cell that fell below constitutional standards of sanitation and temperature in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Lott, Sergeant Griffin, and Assistant Warden George Payne the Indiana Department of Correction, with a copy of this order and the complaint (ECF 17);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Lott, Sergeant Griffin, and Assistant Warden George Payne to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 2, 2023                                    *s/ Damon R. Leichty*
                                                    Judge, United States District Court