UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAH-SHAN S. CHERRY,

    Plaintiff,

    v.                                  CAUSE NO. 3:22-CV-139-DRL-MGG

GRIFFIN *et al.*,

    Defendants.

## OPINION AND ORDER

Rah-Shan S. Cherry, a prisoner without a lawyer, is proceeding in this case "against Sergeant Lott, Sergeant Griffin, and Assistant Warden George Payne in their individual capacities for compensatory and punitive damages for housing him in a cell that fell below constitutional standards of sanitation and temperature in violation of the Eighth Amendment[.]" ECF 20 at 3. Specifically, Mr. Cherry alleged in his complaint that he was exposed to unsanitary living conditions while housed in Cell 241 at Miami Correctional Facility ("MCF"). ECF 17 at 2-6. The defendants filed a motion for summary judgment, arguing Mr. Cherry didn't exhaust his administrative remedies before filing this lawsuit. ECF 33. Mr. Cherry filed a response, and the defendants filed a reply. ECF 59, 62. The summary judgment motion is now fully briefed.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants argue Mr. Cherry didn't exhaust his administrative remedies before filing this lawsuit because he never submitted any grievance regarding unsanitary conditions in Cell 241. ECF 34 at 5-7. Specifically, the defendants provide an affidavit from MCF's Grievance Specialist, who attests the grievance office has no record of

receiving any grievance from Mr. Cherry regarding any issues he claims to have experienced in Cell 241. ECF 33-1 at 6-7.

In his response, Mr. Cherry argues that he submitted a grievance regarding unsanitary conditions in Cell 241, and when he did not receive a response, he followed up with a letter to the "Facility Head" that served as a proper appeal under the Offender Grievance Process. ECF 59. Specifically, Mr. Cherry attests he submitted that grievance on January 12, 2022, and after he received no response, he submitted a letter on January 18, 2022, to the "Facility Head" describing his cell conditions but again received no response. *Id.* at 7. He argues that his letter to the Facility Head served to exhaust his administrative remedies because the Offender Grievance Process allows an offender to file an appeal if they do not receive a response to a grievance. *Id.* at 5.

Here, Mr. Cherry is correct that the Offender Grievance Process provides a process for an offender to follow if they do not receive a response to a grievance. However, the undisputed facts show Mr. Cherry did not comply with that process. Specifically, the Offender Grievance Process provides that, if an inmate submits a grievance and receives no response or receipt from the Grievance Specialist within ten business days of submission, he must notify the Grievance Specialist of the lack of response and retain a copy of that notice. ECF 33-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the

3

matter and respond to the offender's notification within ten (10) business days"). Mr. Cherry provides no evidence he complied with this requirement.

Next, the Offender Grievance Process provides that "[i]f the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied." ECF 33-2 at 12. Here, Mr. Cherry waited only four business days after he submitted his grievance to submit the letter, making his attempt to appeal premature. Moreover, the Offender Grievance Process provides a specific form for inmates to appeal a grievance, and Mr. Cherry provides no evidence that a letter to the "Facility Head" is a valid substitute for a grievance appeal. *See id.* ("If the offender is dissatisfied with the grievance response, they may appeal the response by completing the appropriate sections of State Form 45473, "Grievance Appeal"); *Pozo*, 286 F.3d at 1025 ("[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

Accordingly, because it is undisputed Mr. Cherry submitted a grievance regarding his cell conditions but never received any receipt or response from the grievance office, and Mr. Cherry provides no evidence he complied with the Offender Grievance Process' requirements to notify the Grievance Specialist of the lack of response and later submit a proper appeal, the undisputed facts show Mr. Cherry had available administrative remedies he didn't exhaust before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 33); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Rah-Shan S. Cherry and to close this case.

SO ORDERED.

October 30, 2023    *s/ Damon R. Leichty*
                    Judge, United States District Court